IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS CORPORATION, NOVARTIS AG, and NOVARTIS PHARMA AG, <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN INC. and MYLAN PHARMACEUTICALS INC., <br><br> Defendants. | Civil Action No. 1:14-cv-111-IMK |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT TO STAY LITIGATION FOLLOWING RESOLUTION OF DEFENDANTS' PERSONAL JURISDICTION CHALLENGE IN DELAWARE**

*Of Counsel*:

Jane M. Love, Ph.D.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Lisa J. Pirozzolo
Kevin S. Prussia
Shirley X. Li Cantin
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: March 26, 2014

SCHRADER BYRD & COMPANION, PLLC

James F. Companion (WV Bar #790)
Yolonda G. Lambert (WV Bar #2130)
32-20th Street, Suite 500
Wheeling, WV 26003
Tel: (304) 233-3390
jfc@schraderlaw.com
ygl@schraderlaw.com

*Attorneys for Novartis Pharmaceuticals Corporation, Novartis Corporation, Novartis AG, and Novartis Pharma AG*

## I. INTRODUCTION

Although the Court previously denied Novartis'[1] request for a stay of this action pending resolution of Mylan's challenge to jurisdiction in the first-filed Delaware case, it invited Novartis to renew its motion to stay "should the District of Delaware resolve the jurisdictional dispute in its favor." (D.I. 38 at 15.) On March 16, 2015, the District of Delaware did just that—finding Mylan Pharmaceuticals Inc. subject to general jurisdiction under the Delaware long-arm statute. *Novartis Pharm. Corp., et al. v. Mylan Inc., et al.*, C.A. No. 14-820-RGA, D.I. 56 at 6 (D. Del. filed June 25, 2014) ("Since Mylan Pharmaceuticals Inc. had complied with the Delaware registration statutes, I find that it consented to general jurisdiction."). The Delaware Court also stated its intent to proceed with the case, ordering the parties to submit proposed joint scheduling and protective orders, setting a Rule 16 scheduling conference, and scheduling a bench trial for October 2016. *Id.* Given that jurisdiction has been found proper in the first-filed forum and the case is moving forward there, the Court should stay this case in favor of the first-filed Delaware case.[2]

## II. ARGUMENT

Now that the District of Delaware has denied Mylan's[3] motion to dismiss, there is no longer an unsettled jurisdictional issue in the first-filed forum and the presumption that the case

---

[1] Plaintiffs Novartis Pharmaceuticals Corp., Novartis Corp., Novartis AG, and Novartis Pharma AG are referred to collectively herein as "Novartis."

[2] Mylan has informed the Delaware Court that it intends to file a motion to stay in the first-filed forum this week. No. 14-820-RGA, D.I. 58 at 6.

[3] Defendants Mylan Inc. and Mylan Pharmaceuticals Inc. are referred to collectively herein as "Mylan." With respect to Mylan Inc., Judge Andrews granted jurisdictional discovery. 14-820-RGA, D.I. 56 at 9. In the interest of resolving the issue without discovery, Novartis has sent Mylan a stipulation of dismissal without prejudice with respect to Mylan Inc. if it agrees (1) not to contest any judgment or order in this action; and (2) to provide discovery as if it were a party. Mylan is considering the proposal.

should proceed in that forum clearly applies.[4] *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (noting that the first-to-file rule "favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions."). Mylan has indicated that it will not seek interlocutory appeal of the decision (No. 14-820-RGA, D.I. 58 at 5), and the Delaware Court has recognized that the Federal Circuit is unlikely to resolve the jurisdictional issue any time soon (*id.* D.I. 59 at 1). Accordingly, the court in Delaware not only ruled that it has jurisdiction over the case, but also made clear that it intends to proceed expeditiously. *Id.* D.I. 56 at 10 ("It is my intention to proceed with these cases."). This second-filed suit should therefore be stayed. *See Acorda Therapeutics, Inc. v. Mylan Pharm., Inc.*, C.A. No. 14-139-IMK, D.I. 59 at 10 (N.D. W. Va. filed Aug. 22, 2014) (staying a second-filed suit where the first-filed court indicated that it intended to proceed with the case).

The concerns about a lack of remedy for discovery disputes previously expressed by this Court in denying Novartis's prior motion to stay have been resolved given the Delaware Court's active involvement. *Compare* D.I. 38 at 15 ("Although Novartis suggests that the parties start discovery pending a decision on the motion to dismiss, the parties would be without a remedy if any discovery disputes arose."); *with Acorda*, 14-139-IMK, D.I. 59 at 10 (N.D. W. Va. filed Aug. 22, 2014) (granting a stay where the judge in the first-filed case had "ruled on Mylan's

---

[4] The decision denying Mylan's motion to dismiss is consistent with a growing number of decisions nationwide, every one of which has rejected the arguments that Mylan made opposing jurisdiction. *See Acorda Therapeutics, Inc., et al. v. Mylan Pharm., Inc., et al.*, C.A. No. 14-935-LPS, D.I. 30 (D. Del. filed July 16, 2014); *AstraZeneca AB v. Mylan Pharm., Inc.*, C.A. No. 14-696-GMS (D. Del filed June 2, 2014); *Forest Labs., Inc., et al. v. Amneal Pharm., et al.*, C.A. No. 14-508-LPS, D.I. 108 (D. Del filed April 21, 2014) (report and recommendation); *Novartis Pharm. Corp., et al v. Mylan Inc., et al.*, C.A. No. 14-777-RGA, D.I. 50 (D. Del filed June 19, 2014); *Eli Lilly and Co., et al. v. Mylan Pharm., Inc., et al.*, C.A. No. 14-389-SEB-TAB, D.I. 304 (S.D. Ind. filed March 12, 2014); *Allergan, Inc. v. Actavis, Inc., et al.*, C.A. No. 14-638-JRG, D.I. 97 (E.D. Tex. filed May 22, 2014); *Otsuka Pharm. Co. v. Mylan Inc. et al.*, C.A. No 14-4508-JBS-KMW, D.I. 67 (D.N.J. filed July 11, 2014).

motion to dismiss, and expressed his desire to continue with the case even if the Federal Circuit accepts Mylan's petition for interlocutory appeal."). Moreover, Mylan has already admitted that any discovery in this case would be applicable in Delaware, so there is no reason that proceedings here should continue on a parallel track. (D.I. 46 at 7) ("If the District of Delaware determines that it has personal jurisdiction over Mylan, Mylan and Novartis agree that the above discovery shall apply in the Delaware action and that the fact discovery dates above shall remain in effect."); *see also* D.I. 34 at 9.

### III. CONCLUSION

For the reasons set forth above, and for the reasons stated in its previous Motion to Stay (D.I. 29), Novartis respectfully requests that this Court stay this second-filed case.

Dated: March 26, 2014

                                            SCHRADER BYRD & COMPANION, PLLC

                                            /s/ James F. Companion
                                            James F. Companion (WV Bar #790)
                                            Yolonda G. Lambert (WV Bar #2130)
                                            32 20th Street, Suite 500
                                            Wheeling, WV 26003
                                            Tel: (304) 233-3390
                                            jfc@schraderlaw.com
                                            ygl@schraderlaw.com

                                            *Attorneys for Novartis Pharmaceuticals Corporation, Novartis Corporation, Novartis AG, and Novartis Pharma AG*

*Of Counsel*:

Jane M. Love
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
jane.love@wilmerhale.com

Lisa J. Pirozzolo
Kevin S. Prussia
Shirley X. Li Cantin
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
lisa.pirozzolo@wilmerhale.com
kevin.prussia@wilmerhale.com
shirley.cantin@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2015, the **PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT TO STAY LITIGATION FOLLOWING RESOLUTION OF DEFENDANTS' PERSONAL JURISDICTION CHALLENGE IN DELAWARE** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following registered attorneys of record:

Gordon H. Copland, Esq.
STEPTOE & JOHNSON PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
Phone: (304) 933-8162
Facsimile: (304) 933-8183
gordon.copland@steptoe-johnson.com

Nicole Stafford, Esq.
Eric Arnell, Esq.
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway,
Las Cimas IV, Fifth Floor
Austin, TX 78746
Tel: (512) 338-5400
nstafford@wsgr.com
earnell@wsgr.com

Sami Sedghani, Esq.
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Phone: (415) 947-2000
Facsimile: (415) 947-2099
ssedghani@wsgr.com

                                                /s/ James F. Companion
                                                       Of Counsel