**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

-----------------------------------------------------

NOVARTIS PHARMACEUTICALS                :
CORPORATION, NOVARTIS                    :
CORPORATION, NOVARTIS AG, AND            :
NOVARTIS PHARMA AG,,                     :
                                         :
        Plaintiffs,              :    **CIVIL ACTION NO. 1:14CV111**
                                         :           **(Judge Keeley)**
        v.                       :
                                         :
MYLAN PHARMACEUTICALS INC. and           :
MYLAN INC.,                              :
                                         :
        Defendants.              :

-----------------------------------------------------

**DEFENDANTS' MOTION FOR CLARIFICATION OF SCHEDULING ORDER**
**REGARDING DOCUMENTS FROM THE PRIOR LITIGATION AND TO**
**SET A DATE BY WHICH ANY MOTION TO INTERVENE MUST BE FILED**

Defendants Mylan Inc. and Mylan Pharmaceuticals Inc. ("Mylan"), by their undersigned counsel, move the Court for clarification with regard to the Court's Scheduling Order dated March 10, 2015.  Dkt. No. 53 ("Scheduling Order") attached as Exhibit A.  As explained below, Plaintiffs Novartis Pharmaceuticals Corporation, Novartis Corporation, Novartis AG, and Novartis Pharma AG ("Novartis") have advised Mylan that they interpret the order as not requiring production of "all prior litigation documents[1]" and further precludes any effort at pursuing briefing for resolution of a dispute regarding documents withheld containing Actavis Inc's ("Actavis") confidential material.

Mylan disagrees with Novartis in light of broader provisions in the Scheduling Order that subsume the narrower language relied on by Novartis, and the express directives of the Court both stated in the scheduling order and during the scheduling conference in this case.

---

[1] The term prior litigation documents, refers to all document and discovery from *Novartis Pharm. Corp. v. Actavis, Inc.*, C.A. No. 12-366-RGA-CJB (D. Del.)

Specifically, the Court ordered that (1) Novartis shall produce "all prior litigation documents" by April 30th and that (2) the parties should confer regarding a briefing schedule related to Actavis confidential documents.  Dkt. No. 53 at p.11 attached as Exhibit A; Transcript of Scheduling Conference from March 5, 2015 ("Transcript") attached as Exhibit B at p. 15.

In addition to seeking clarification of the Scheduling Order, Mylan expressly moves the Court to establish a briefing schedule regarding Mylan's motion to compel production of prior litigation documents containing Actavis confidential information, including a deadline by which Actavis must intervene in this matter and respond to Mylan's motion to compel.  That motion is being filed contemporaneously herewith.  Mylan respectfully seeks a briefing schedule as to any filing by Novartis or Actavis regarding the motion and any protection necessary for the Actavis documents.

Accordingly, Mylan respectfully proposes the following and requests an Order from the Court as follows:

1.   Clarifying the Court's Scheduling Order dated March 10, 2015 as to production of documents containing Actavis confidential material;

2.   Requiring that any motion to intervene by Actavis and proposed response to Mylan's motion to compel be filed on or before April 13, 2015, which is the date by which a responsive brief to the motion to compel is due under this Court's local rules.

3.    Requiring Mylan to provide a copy of the Court's Order regarding this motion, and Mylan's motion to compel, to Actavis, within 1 business day of the filing of each;

## I.    SUMMARY

The Scheduling Order arose from the planning conference before the Court on March 5, 2015, during which the parties discussed concerns regarding a dispute related to production of certain confidential material from the prior litigation in Delaware involving the same patents at issue.  Novartis' proposal in the parties rule 26f report to the Court chose a tiered production of only certain documents from the prior litigation and specifically excluded any discovery related to infringement and any documents containing Actavis confidential material. At the scheduling conference Mylan's counsel informed the Court that the Delaware protective order does not preclude production of confidential documents in a subsequent case as long as notice and an opportunity to be heard is provided to the producing party.  Transcript at p. 13 attached as Exhibit B.  The Court ordered the parties to confer and attempt to reach an agreement on proposing a schedule for briefing with regard to the documents containing Actavis confidential material.  During the meet and confer call ordered by the Court, Norvartis advised Mylan that it viewed the Court's Scheduling Order as resolving the dispute and dispensing with the need for any discussion between the parties on a briefing schedule on the types of documents that would need to be produced.

As set forth below, Mylan does not believe that Novartis' interpretation of the Scheduling Order is correct as it does not address the briefing schedule under which to resolve the confidential documents withheld by Novartis.  Mylan is filing, contemporaneously with this motion, a separate motion seeking production of the withheld prior litigation documents containing Actavis confidential information.  Novartis' interpretation of the Scheduling Order will delay production of the documents currently withheld and disadvantage Mylan in obtaining

highly relevant material related to non-infringement and invalidity.  As the Court has already ordered the production of "all" prior litigation documents, the relevance of the documents are not at issue and concerns for the appropriate protections for the documents can be easily resolved, given the fact that there is a protective order in place that is virtually identical to the protective order in the prior litigation.  Dkt. 53 p. 2 and p. 11 attached as Exhibit A.

II.    **ARGUMENT**

   A.    **The Court's Directive to the Parties to Confer on a Briefing Schedule Was not Mooted by the Court's Scheduling Order.**

During the scheduling conference, counsel for Mylan gave notice to the Court that the parties had a disagreement over certain documents containing Actavis confidential material produced in the prior litigation in Novartis's possession.  The documents include at least expert reports, discovery responses and deposition testimony that address invalidity and non-infringement of the asserted patents from the prior litigation in Delaware, and produced pursuant to the protective order in that litigation.  The Delaware protective order expressly states that "by entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case."  Dkt. 36[2] ¶ 29 in Case 1:12-cv-00366-RGA-CJB attached as Exhibit C.  Specifically the Delaware protective order requires Novartis to (1) give notice to Actavis within seven days of any request for the documents, (b) take all steps needed to assert, or allow Actavis to assert, any applicable protections regarding the information, including but not limited to permitting Actavis a "reasonable opportunity to intervene and be heard" or "defend the asserted rights" of Actavis if it cannot be heard.  See Exhibit C ¶¶ 28-29

At the scheduling conference, the Court advised that any relief related to this issue would need to be addressed in a motion allowing the Court an opportunity to review the relevant

---

[2] Proposed Protective Order, Dkt. No. 36 and Paperless order approving proposed order.

protective order.  The Court further agreed to give an expedited briefing schedule but ordered that the parties confer with respect to that.  *See* Exhibit B at pp. 13-15.

Pursuant to the Court's directive the parties held a telephonic meet and confer, on March 11, 2015.  Despite having previously represented to the Court that "Novartis has no objection to producing documents,"[3] Counsel for Novartis demanded that Mylan seek the documents directly from Actavis, for the first time claiming that the documents were not relevant.  Novartis further claimed that that the issue of expedited briefing was mooted by the Court's Scheduling Order, entered on March 10, 2015.  Counsel for Novartis asserted that the portion of the order dealing with the "second" and "third" productions by Novartis foreclosed any discussion as to briefing or other procedures to present to the court the dispute related to the confidential documents from the Prior Litigation.   Mylan proposed a schedule of allowing Actavis to intervene and respond by April 6th; though counsel for Novartis stated that the April 6th date was reasonable they nevertheless rejected it and refused to provide any counter proposal.

The provisions of the Scheduling Order on which Novartis relied are in the paragraphs requiring Novartis to produce the third and fourth sets of production documents on April 30, 2015.  Those paragraphs contain the lengthy and selective subset of relevant documents that Novartis had proposed providing in third and fourth "waves" of document production.  Novartis' proposal included a provision that in lieu of producing documents containing Actavis confidential material, Novartis would endeavor to "produce on April 30, 2015 a log identifying such so that Mylan may seek consent from defendants [sic] regarding whether such documents may be produced in this action."   The full text of the provisions of the Court's order for the third and forth production are set forth in the footnote.[4]   Mylan does not believe those provisions of

---

[3] See Exhibit B at p. 11

[4] *Novartis's Second Production*: On or before **April 30, 2015**, Novartis shall produce, to the extent permitted by any applicable protective order or local law, and to the extent such documents remain within Novartis's possession,

the Scheduling Order were intended to preempt the Court's directive for Novartis to produce "all prior litigation documents" or foreclose on a briefing schedule for production of documents withheld on the basis of third-party confidential information.  As an initial matter, it would be inefficient and unproductive to require Mylan to wait for Novartis to catalogue what it claims are "Actavis confidential material" as Actavis has already provided notice that it refuses production of "any" documents.  Moreover, the provisions with regard to production of the logs were embedded within Novartis proposal in the planning report which included an extended, multi-stage production of the documents to be produced.  Although the Court rejected the tiered production proposed by Novartis, the Scheduling Order nevertheless incorporated the entirety of the Novartis proposal, including the provisions with regard to the log.

Novartis' narrow reading of the Scheduling Order is inconsistent with the Court's directive and the remaining provisions of the Scheduling Order.  Consistent with the discussion held during the scheduling conference, the Order provides a parallel directive requiring the plaintiffs to produce "*all* litigation documents and discovery from the Prior Litigation (a defined

---

custody or control, on or before April 30, 2015, Novartis shall produce the following litigation documents filed or served by Novartis in the First Litigation: Novartis's submissions to the Court (including pleadings, letters, motions, briefs, declarations and exhibits); Novartis's responses to written discovery requests concerning issues other than infringement of the patents-in-suit; expert reports (and exhibits) served by Novartis concerning validity of the patents-in-suit, and transcripts of depositions (with exhibits, signature pages and any errata sheet(s)) of Novartis's fact and expert witnesses in the First Litigation. To the extent that Novartis cannot produce any such document described herein because it was designated by Defendants under the applicable protective order as containing confidential information, Novartis shall produce on April 30, 2015, a log identifying such documents so that Mylan may seek consent from Defendants regarding whether such documents may be produced in this action;

*Novartis's Third Production*: On or before **April 30, 2015,** to the extent permitted by any applicable protective order or local law, and to the extent such documents remain within Novartis's possession, custody or control, on or *before* April 30, 2015, Novartis shall produce the following litigation documents filed or served by Defendants in the First Litigation: Defendants' submissions to the Court (including pleadings, letters, motions, briefs, declarations and exhibits); Defendants' responses to written discovery requests concerning issues other than infringement of the patents-in-suit; expert reports (and exhibits) served by Defendants concerning validity of the patents-in-suit, and transcripts of depositions (with exhibits, signature pages and any errata sheet(s)) of Defendants' expert witnesses in the First Litigation. To the extent that Novartis cannot produce any such document described herein because it was designated by Defendants under the applicable protective order as containing confidential information, Novartis shall produce on April 30, 2015, a log identifying such documents so that Mylan may seek consent from Defendants regarding whether such documents may be produced in this action.

term in the parties Rule 26(f) report), including, but not limited to, pleadings, discovery responses, expert reports, deposition transcripts and accompanying exhibits, pretrial submissions and briefs, by no later than April 30, 2015."  Exhibit A at p. 11 ; *See also id.* at p. 2)(emphasis added).  That portion of the Scheduling Order contains no requirement for a log.

Actavis was first made aware of the request over six weeks prior and has consistently refused to give Novartis consent to produce any documents.  Thus, the issue is ripe for briefing as the relevance of the documents is not at issue.  Furthermore, the protective order from the Delaware action has a provision dealing exactly with this type of situation and requires Novartis to provide notice to Actavis so that it can assert its interests.

The preliminary steps that Novartis seeks to impose with regard to these documents are unwarranted and a tactic to further delay production of relevant documents.  Actavis is fully aware of the documents it produced and has categorically refused consent.  Waiting for Novartis to produce a log will not address the impending issue related to Actavis' confidentiality concerns.  Requiring a log will further delay the production of documents and create a need for Novartis to redact the "Actavis Confidential" information from the documents.  Any such delay would necessarily be prejudicial to Mylan as several critical deadlines are fast approaching including claim construction.  Given the fact that Novartis has pushed for the adoption of the Magistrate's findings in the Prior Litigation related to claim terms, it is even more pressing for Mylan to be provided the prior litigation documents in its totality rather than the selective approach advocated by Novartis which will greatly and unnecessarily protract the discovery and increase costs of litigation.  For example, expert reports and expert depositions bearing on these issues will be withheld by Novartis since they likely contain incidental Actavis confidential material.

Mylan does not believe the Court intended to require such a process or

countermand the oral directive, at the scheduling conference, for the parties to confer on a briefing schedule.  Mylan respectfully asks the Court to clarify the Scheduling Order as to the procedure for resolution of the parties' dispute regarding the documents containing Actavis confidential information.

### B.    An Opportunity for Actavis to Intervene, Is Fair to All Parties

The protective order in the Prior Litigation, expressly anticipates that subsequent courts in later litigation may order the production of the documents produced, and provides a viable procedure that addresses such requests.  The documents at issue were produced in the prior litigation and at that time screened for privilege and relevance.  The documents marked confidential under the prior protective order are thus relevant and non-privileged, but in need of protection from public dissemination.  Finally, if this issue is not resolved expeditiously, Mylan will be prejudiced as a result of further delays brought about by Novartis' motion to stay and will have to wait additional time to have another court re-interpret the current scheduling order entered in this case.  Therefore, Actavis need only submit a *pro forma* motion for intervention on the date that the response is due.  Under Mylan's proposal, Actavis will submit a response brief with the *pro forma* motion for leave to intervene.

The interests of Actavis are further protected under Mylan's proposal because: (1) Mylan will provide a copy of this motion on counsel for Actavis (2) Mylan will further provide counsel for Actavis a copy of Mylan's motion to compel (and brief) as well as the protective order entered in this litigation(3) lastly Mylan will provide counsel for Actavis a copy of the Court's order setting the briefing schedule, and the deadline to intervene.

The issue before the Court is a narrow one which Actavis has been aware of for over six weeks.  It is equally fair to Novartis, which has stated it has no objections to producing the documents.  Novartis, of course, has an interest in delay for its own sake, but that is not a proper basis on which to resist a fair and expedition resolution to production of highly relevant documents.

## III.    CONCLUSION

Mylan respectfully requests clarification of the Scheduling Order requiring Novartis to produce "all of the prior litigation documents" by no later than April 30th.  In addition Mylan expressly moves the Court to establish a briefing schedule regarding prior litigation documents containing Actavis confidential information currently withheld by Novartis. For these reasons, and those set forth above, Mylan requests that its motion be granted.

Respectfully submitted on March 30, 2015.

**STEPTOE & JOHNSON PLLC**

**_/s/ Gordon H. Copland_**
Gordon H. Copland (WV Bar #828)
  gordon.copland@steptoe-johnson.com
William J. O'Brien (WV Bar #10549)
  william.obrien@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Facsimile: (304) 933-8183

_Of Counsel_:

Nicole Stafford
Eric Arnell
WILSON, SONSINI, GOODRICH & ROSATI, PC
900 South Capital of Texas Highway,
Las Cimas IV, Fifth Floor
Austin, TX 78746
Tel:  (512) 338-5400
nstafford@wsgr.com
earnell@wsgr.com

Sami Sedghani
WILSON SONSINI GOODRICH & ROSATI, PC
One Market - Spear Tower Suite 3300
San Francisco, CA  94105
Tel:  (415) 947-2053
ssedghani@wsgr.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, I electronically filed the foregoing "Defendants' Motion for Clarification of Scheduling Order Regarding Documents From the Prior Litigation and To Set a Date By Which Any Motion to Intervene Must Be Filed" with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

James F. Companion, Esquire
 jfc@schraderlaw.com
Yolonda G. Lambert, Esquire
 ygl@schraderlaw.com
Schrader Byrd & Companion,
 PLLC
The Maxwell Centre
32-20th Street, Suite 500
Wheeling, WV 26003

Shirley X. Li Cantin
 shirley.cantin@wilmerhale.com
Lisa J. Pirozzolo
 lisa.pirozzolo@wilmerhale.com
Kevin S. Prussia
 kevin.prussia@wilmerhale.com
Wilmer Cutler Pickering
 Hale and Dorr LLP
60 State Street
Boston, MA 02109

*/s/ Gordon H. Copland*
Gordon H. Copland (WV Bar #828)
 gordon.copland@steptoe-johnson.com
William J. O'Brien (WV Bar #10549)
 william.obrien@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Facsimile: (304) 933-8183